FILED
 2011 Oct-31  PM 04:13
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| EMILY STUART, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  7:11-cv-02647-JEO |
| ) | |
| THE STANDARD INSURANCE ) | |
| COMPANY, ) | |
| ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

The court has before it defendant's Motion to Transfer Venue (doc. 7),[1] filed September 2, 2011. In its motion, defendant asks the court to transfer this case to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a). (Doc. 7). In response, plaintiff argues that this case should remain in this forum or, alternatively, should be transferred to the Middle District of Alabama. (Doc. 8). For the reasons outlined below, this court deems transfer to the Southern District of Alabama appropriate under §1404(a).

**I.     RELEVANT FACTS**

Plaintiff, who lives in Demopolis, Alabama, is a participant in a group disability insurance plan provided by her former employer Harrigan Lumber Company, which is located in Monroeville, Alabama.[2] (Doc. 1 at ¶ 9; Doc. 7-1 at ¶ 6). Plaintiff alleges that she suffers from total disability from back and hip pain and is unable to work full time. (Doc. 1 at ¶ 7).  She has

---

[1] References herein to "Doc._" are to the document numbers assigned by the Clerk of the Court.

[2] Both Monroeville, Alabama, and Demopolis, Alabama, are located in the Southern District of Alabama.

seen numerous doctors for her condition: seven of which have offices in cities located in the Southern District of Alabama and three that have offices located in Montgomery, Alabama, which is in the Middle District of Alabama. (Doc. 7-1 at ¶ 7). In April 2008, plaintiff applied for benefits under the group disability insurance plan. (Doc. 1 at ¶ 8; Doc. 7-1 at ¶ 6). Her initial application for disability was approved, and plaintiff received disability benefits from February 18, 2008, until October 28, 2009, when Standard terminated plaintiff's benefits.[3] (*Id.* at ¶¶ 9-10). Plaintiff filed an appeal that was denied on March 24, 2010. (*Id.* at ¶¶ 11-12). She was later found disabled by the Social Security Administration. (*Id.* at 13).

On July 22, 2011, plaintiff filed this lawsuit in the Northern District of Alabama under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* (Doc. 1). Plaintiff seeks to recover long term disability benefits that she contends defendant wrongfully denied her.

## II.   STANDARD OF REVIEW

Defendant seeks a transfer of this case pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The analysis under § 1404(a) is a two part inquiry. *See Folkes v. Haley*, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999). As a threshold matter, the court must consider if the case might have been brought in the transferee court. 28 U.S.C. § 1404(a). Second, the court must

---

[3] Plaintiff's claim for long term disability benefits was considered by Standard employees in Oregon. (Doc. 7-1 at ¶ 8).

balance the factors set forth in § 1404(a). "District courts have broad discretion in deciding whether to transfer an action to a more convenient forum." *Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503 (M.D. Ala. 1994) (citing *England v. ITT Thompson Industries, Inc.,* 856 F.2d 1518, 1520 (11th Cir. 1988). The decision of whether a case should be transferred under § 1404(a) is "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duseen v. Barrack*, 376 U.S. 612, 622 (1964)).

### III.   DISCUSSION

As just noted, the relevant inquiry involves two questions: (1) Whether this case could have been brought in either the Southern District or Middle District of Alabama and (2) Whether the convenience of the parties and the witnesses and the interest of justice warrant a transfer to either the Southern or Middle Districts.

> **A.   This Case Could Have Been Brought in Either the Southern District of Alabama or the Middle District of Alabama**

Concerning the first inquiry, whether the case could have been brought in the proposed transferee district, the applicable law is clear. Section 1391(b) of title 28 of the U.S. Code provides, in pertinent part, that a suit based on federal question jurisdiction may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id*. Additionally, ERISA contains an even broader venue provision: an ERISA suit may be brought in "the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." U.S.C. 29 § 1132(e)(2).

There is no dispute that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of Alabama. (Doc. 1 ¶ 6). Specifically, the record demonstrates that plaintiff lives and worked in the Southern District, a majority of her physicians practice in that District, and she filed for long term disability benefits in that District. Additionally, because the plan was administered in the Southern District, venue is appropriate under either venue statute. Further, under 29 U.S.C. § 1132(e)(2) it is clear that venue is also appropriate in the Middle District. Accordingly, both the Southern and Middle Districts are appropriate transferee Districts.

### B.    The Balance of Factors Weigh in Favor of Transfer

Having found that this case could have been brought in either the Southern District or Middle District, the court must now, "decide whether the balance of convenience favors transfer." *Johnston* 158 F.R.D. at 504. The analysis under §1404(a) requires a balancing of practical considerations: the convenience of the parties and witnesses and the interest of justice.

#### 1.    Convenience of the Parties and Witnesses

"[W]hen considering the practical need to adjudicate in a forum convenient for the parties and witnesses, courts generally examine the location of principal material witnesses, 'the relative ease of access to sources of proof,' and the ability of the parties to bear the expense of changing the forum."  *A.J. Taft Coal Co., Inc. v. Barnhart,* 291 F. Supp. 2d 1290, 1311 (N.D. Ala. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "[W]here the operative facts underlying the cause of action transpired" is a consideration for convenience. *Johnston*, 158 F.R.D. at 504. Courts look to a forum where the trial is "most 'easy, expeditious and

4

inexpensive.'" *A.J. Taft Coal Co.,* 291 F. Supp. 2d at 1311 (quoting *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981)).

In addition to considering the convenience of the parties, plaintiff's choice of forum is entitled considerable deference. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). However, where the operative facts of the action do not occur within plaintiff's chosen forum, the choice of forum is entitled to less consideration by the court. *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D. Fla. 1991); *see also Johnson,* 158 F.R.D. at 505 ("Where none of the conduct complained of took place in the forum selected by Plaintiff, the Plaintiff's choice of forum is of minimal value in determining whether to transfer an action.").

In the motion before the court, defendant seeks to have this case transferred to the Southern District of Alabama. On the other hand, plaintiff argues that this case should not be transferred or, alternatively, if the case is due to be transferred, that it should be transferred to the Middle District of Alabama. The court will first determine whether the Northern District of Alabama is more convenient for the witnesses and parties, and if not, then address whether the more appropriate transferee court is the Southern District of Alabama or the Middle District of Alabama.

                                                a.      **The Northern District of Alabama**

As a preliminary matter, the court must determine the appropriate amount of deference to give plaintiff's choice of forum. Plaintiff argues that, "the Western Division of the Northern District is simply efficient for all parties involved." (Doc. 8 at ¶ 5). She specifically contends

that the city of Tuscaloosa (located in the Western Division of the Northern District of Alabama) is the more convenient metropolitan area for Marengo County Citizens.[4] (Doc. 8 at ¶ 2).

That contention, and the fact that plaintiff's counsel and "the most active airport in the state" (*id.* at ¶ 5), are located in the Northern District of Alabama, are the only support plaintiff offers for why the Northern District of Alabama is the most convenient forum. This, combined with the fact that none of the underlying events took place in the Northern District of Alabama, leads the court to find that the deference typically afforded plaintiff's choice of forum is significantly lessened in this case.

Plaintiff maintains that the Northern District of Alabama would be a more convenient forum for all parties involved; however, she has not identified any witnesses or parties located in this district. Further, the fact that Plaintiff's counsel is located in this district is a non-factor. *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1304 (S.D. Fla. 2002) ("Of the factors considered on a transfer motion, the location of counsel is entitled to the least consideration."). All of the potential witnesses identified by defendant either reside in the Southern District of Alabama, the Middle District of Alabama, or Oregon.

The court finds that because none of witnesses or parties are located in the Northern District of Alabama it would be more convenient for this case to be transferred to one of the other Districts in this state. However, the question remains as to whether the Middle District or the Southern District is the more appropriate transferee court.

---

[4] Demopolis is located in Marengo County.

### b. Southern District of Alabama v. Middle District of Alabama

Defendant argues that the Southern District would be the most convenient forum for this case. It argues that plaintiff, her former employer, and seven of plaintiff's ten treating physicians are located in the Southern District. Further, defendant points out that the Courthouse in the Northern Division of the Southern District, the appropriate division for this case, is located in Selma, Alabama. A town which is the same distance away from Demopolis as Tuscaloosa. Additionally, six of plaintiff's doctors are either from Demopolis or Montgomery and Selma is equidistant from both those locations.

On the other hand, plaintiff maintains that it would be more convenient to transfer this case to the Middle District of Alabama. (Doc. 8). Plaintiff argues that because her pain management doctor, her surgeon, and the Social Security office of Disability Adjudication and Review where plaintiff received benefits are all located in Montgomery, Alabama (*id.* at ¶ 4), and because Montgomery is a convenient metropolitan area for Marengo County citizens, the Middle District of Alabama is more convenient for the parties and witnesses than the Southern District. (Doc. 8 at ¶¶ 3-4). However, while three of plaintiff's doctors reside in the Middle District, the other seven doctors practice in the Southern District. Further, the location of the Social Security office that granted plaintiff's benefits has no bearing on the proper venue for this case.

All of the facts surrounding this case, including the events underlying the suit, the location of the evidence, the location of plaintiff, and of the majority of the witnesses point to the Southern District of Alabama being more convenient for the witnesses and parties than the Middle District.

### 2. Interest of Justice

Finally, the court must determine if a transfer to the Southern District of Alabama is in the interest of justice. The interest of justice factor requires a district court to weigh "those public-interest factors of systemic integrity and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). As already noted, this case has little to no relationship to the Northern District of Alabama. All of the facts surrounding this case – including the events underlying this suit, the location of the evidence, the location of plaintiff and the plan, and the location of the witnesses – occurred outside the Northern District of Alabama. Further, the burden on this court's docket of entertaining a case with little to no connection to the District, is significant. On the other hand, because this case involves residents of the Southern District of Alabama and alleged ERISA violations which took place in the Southern District of Alabama, that District does have a significant interest in having this case decided by a court within its borders. Thus, it is in the interest of justice to transfer this suit to the Southern District of Alabama.

## VI. CONCLUSION

Accordingly, the court finds that defendant has satisfied its burden of demonstrating that this action should be transferred. Additionally, the court finds that the balance of factors under § 1404(a) weighs in favor of transfer to the Southern District of Alabama, where this case could have been filed originally. A separate order will be entered and will be effectuated fourteen (14) days from the date of this opinion. *See* 28 U.S.C. § 636(b).

**DONE**, this 31th day of October, 2011.

_____
**JOHN E. OTT**
United States Magistrate Judge